IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ENDRYKO KARMADI,<br><br>               Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>               Defendants. | Case No. 25-cv-07436<br><br>**Judge Charles P. Kocoras**<br><br>**Magistrate Judge Maria Valdez** |

**DEFAULT FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff ENDRYKO KARMADI ("Karmadi" or "Plaintiff") against the defendants identified on First Amended Schedule A, and using the Online Marketplace Accounts identified on First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Karmadi having moved for entry of Default and Default Judgment against the defendants identified on First Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; Karmadi having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Karmadi has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Karmadi's federally registered copyright, which is protected by U.S. Copyright Registration No. VA 2-420-714 ("Endryko Karmadi Work") to residents of Illinois. In this case, Karmadi has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using infringing versions of the Endryko Karmadi Work. *See* Docket No. [15], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Endryko Karmadi Work.

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Karmadi's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Final Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. using the Endryko Karmadi Work or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Karmadi product or not authorized by Karmadi to be sold in connection with the Endryko Karmadi Work;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Karmadi product or any other product produced by Karmadi, that is not Karmadi's or not produced under the authorization, control, or supervision of Karmadi and approved by Karmadi for sale under the Endryko Karmadi Work;

   c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Karmadi, or are sponsored by, approved by, or otherwise connected with Karmadi; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Karmadi, nor authorized by Karmadi to be sold or offered for sale, and which bear any of Karmadi's copyrights, including the Endryko Karmadi Work, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online

        marketplace platforms such as Amazon Payments, Inc. ("Amazon") and Walmart Inc. ("Walmart") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

        a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Endryko Karmadi Work; and

        b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Endryko Karmadi Work or any reproductions, infringing copies or colorable imitations thereof that is not a genuine Karmadi product or not authorized by Karmadi to be sold in connection with the Endryko Karmadi Work.

3. Upon Karmadi's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Endryko Karmadi Work.

4. Pursuant to 17 U.S.C. § 504(c)(2), Karmadi is awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred thousand dollars ($100,000) for willful use of infringing Endryko Karmadi Work on products sold through at least the Defendant Internet Stores.

5. Any Third Party Providers holding funds for Defaulting Defendants, including Amazon and Walmart, shall, within seven (7) calendar days of receipt of this Order, permanently

restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Amazon and Walmart, are hereby released to Karmadi as partial payment of the above-identified damages, and Third Party Providers, including Amazon and Walmart, are ordered to release to Karmadi the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Karmadi has recovered full payment of monies owed to it by any Defaulting Defendant, Karmadi shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Karmadi identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Karmadi may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibit 2 to the Declaration of Endryko Karmadi and any e-mail addresses provided for Defaulting Defendants by third parties.

9. The Ten Thousand U.S. Dollars ($10,000) surety bond, posted by Karmadi is hereby released to Karmadi or Plaintiff's counsel, Keith Vogt, Ltd., 33 W Jackson Blvd, #2W, Chicago, Illinois, 60604. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Karmadi or Plaintiff's counsel.

This is a Default Final Judgment.

Dated: 8/21/2025

*Charles P. Kocoras*

Charles P. Kocoras
United States District Judge

**First Amended Schedule A**

| No. | Defendants |
|---|---|
| 1 | PANXTDEG ✦ ✦ ✦ Todays Daily Deals |
| 2 | EANJE shop |
| 3 | Winter Sale Up to 50% off-Yun ★ ★ ★ ★ ★ |
| 4 | Prime Day Deals Clearance |
| 5 | |
| 6 | |
| 7 | YOmigaot-Summer Deals UP 7-20 Days Delivery |
| 8 | |
| 9 | Lightning Deals of Today Prime XAZEIC |
| 10 | |
| 11 | |
| 12 | LAM KWONGY |
| 13 | zaijiankanqiao |
| 14 | |
| 15 | Ugly Christmas Sweaters Sales Official Storefront |
| 16 | NIAIOCTI |
| 17 | QITOHK |
| 18 | SHOWONSKY |
| 19 | |
| 20 | |
| 21 | |
| 22 | AMEGASOON |
| 23 | |
| 24 | Oujukkk |
| 25 | |
| 26 | CEGLAN |
| 27 | FWBNUIF |
| 28 | Junsyuffk |
| 29 | tengwanggexustore |
| 30 | JPGIF |
| 31 | CCLLEG-USA Direct |
| 32 | XIKUNG |
| 33 | |
| 34 | fanshiluod-Black Friday Deals 2024 |
| 35 | |
| 36 | |
| 37 | |
| 38 | |

| # | Name |
|---|---|
| 39 | ■ |
| 40 | ■ |
| 41 | ■ |
| 42 | Yuu Nan |
| 43 | ■ |
| 44 | ■ |
| 45 | Lightning Deals of Today Prime GONGXIFAC |
| 46 | Topgee(Big Promotion) |
| 47 | Zewuai（7-15 days to be delivered） |
| 48 | Strungten |
| 49 | ■ |
| 50 | ■ |
| 51 | Jmntiy |
| 52 | ■ |
| 53 | ■ |
| 54 | Royallove |
| 55 | BallsFHK |
| 56 | ■ |
| 57 | Yiruolin Technologies Co Ltd |
| 58 | Yus's toy Co.Ltd |
| 59 | ■ |
| 60 | ■ |